IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRYL HUNTLEY,** : | CIVIL ACTION NO. 1:22-CV-1825 |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **STEPHEN SPAULDING,** : | |
| : | |
| Respondent : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Darryl Huntley, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to grant him earned time credits pursuant to the First Step Act. We will dismiss the petition without prejudice as moot and for failure to exhaust administrative remedies.

**I.      Factual Background & Procedural History**

Huntley is currently incarcerated in the Lewisburg United States Penitentiary ("USP-Lewisburg") serving a 79-month sentence imposed by the United States District Court for the Southern District of Georgia for possession of a firearm by a prohibited person. (Doc. 7 at 2). He filed the instant petition on October 23, 2022, and the court received and docketed the petition on November 15, 2022. (Doc. 1 at 11). Huntley asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Id.) He argues that exhaustion of administrative remedies is futile because completing the BOP's administrative remedy process

would take a significant amount of time and he allegedly would be entitled to release before he could complete the program. (Doc. 1-2 at 1).

Respondent responded to the petition on December 22, 2022, arguing that the petition should be dismissed as moot because the BOP credited Huntley with earned time credits under the FSA on October 9, 2022. (Doc. 7 at 2-4). Respondent argues in the alternative that the petition should be dismissed for failure to exhaust administrative remedies. (Id. at 4-6). Huntley did not file a reply brief,[1] and the deadline for doing so has expired under the Local Rules. The petition is accordingly ripe for review.

## II. Discussion

Respondent's mootness argument is based on the assertion that the BOP has already granted Huntley time credits pursuant to the FSA. (Id. at 2-4). Huntley has not responded to this factual assertion, and we accordingly accept it as true. See 28

---

[1] Instead of filing a reply brief, Huntley filed a "motion to dismiss," which asserts that the court committed a reversible legal error and acted *ultra vires* by adding the United States Attorney as a respondent to this action. (See Doc. 8). Huntley's argument is without merit. The court did not add the United States Attorney as a respondent to this action; it simply ordered the United States Attorney to be served with a copy of the petition as counsel for the respondent. (See Doc. 5). This action was proper under the Federal Rules of Civil Procedure. See FED. R. CIV. P. 4(i)(2)-(3) (stating that when officers of the United States are named in lawsuits in their official or individual capacities the United States should be served with process); FED. R. CIV. P. 4(i)(1)(A)(i) (stating that service on the United States requires that a copy of the summons and complaint be delivered "to the United States attorney for the district where the action is brought"); see also Robinson v. Spaulding, No. 1:22-CV-1742, 2023 WL 1805205, at *1 (M.D. Pa. Feb. 7, 2023) (denying similar argument to dismiss United States Attorney from case where petitioner sought FSA time credits through a Section 2241 habeas corpus petition). We will accordingly deny Huntley's motion.

U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

Cases must be dismissed as moot when it is clear that the court cannot grant any effective relief. Uzuegbunam v. Preczewski, 592 U.S. __, 141 S. Ct. 792, 796 (2021). Huntley's petition seeks a writ of habeas corpus compelling the BOP to provide him with time credits, but he has already been granted that relief. Hence, this case will be dismissed as moot because the court cannot provide Huntley any effective relief. Id.

Dismissal is also warranted for Huntley's failure to exhaust administrative remedies. Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, our court of appeals has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional

3

director, and—ultimately—final appeal to the general counsel.  See id. §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the general counsel.  Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review.  See Moscato, 98 F.3d at 761.  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction.  See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is likewise not required when it would be futile.  Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Huntley's petition should be dismissed for failure to exhaust because he has not filed any administrative remedy requests related to the FSA in his time in BOP custody.  (Doc. 7 at 4-5).  Respondent attaches a declaration from Jennifer Knepper, an attorney employed at USP-Lewisburg, to support this argument.  (Doc. 7-1 at 3-4).  Knepper confirms that Huntley has not filed any administrative remedy requests related to the FSA.  (Id.)

Huntley has not replied to respondent's exhaustion argument, but he argues in his petition that exhaustion of administrative remedies should be excused as futile because completing the BOP's administrative remedy process would take a significant amount of time and he allegedly would be entitled to release before he could complete the program.  (Doc. 1-2 at 1).  This court recently rejected an indistinguishable argument in Rodriguez v. Sage, where we held that a petitioner was not excused from the obligation to exhaust his claim for FSA time credits

4

"simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date."  Rodriguez v. Sage, No. 1:22-CV-503, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (Conner, J.).  We see no sound basis to depart from that *ratio decidendi*, nor are we aware of any subsequent cases that would caution against reliance on our Rodriguez decision.  Hence, we reject Huntley's argument that exhaustion should be excused as futile and conclude that he failed to exhaust administrative remedies.

### III.   Conclusion

We will dismiss the petition for writ of habeas corpus without prejudice as moot and for failure to exhaust administrative remedies.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER  
Christopher C. Conner  
United States District Judge  
Middle District of Pennsylvania

Dated:     April 28, 2023